IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**SALEM M. ABDEL-FARES,**

    **Plaintiff,**

v.                                                                                                Civil No. 1:05-cv-128
                                                                                                     (Chief Judge Keeley)

**K.J. WENDT, Warden; J.D. HILL,
Associate Warden; R. MCLEOD,
Associate Warden; M. ARNOLD,
Captain; and R. KOWALEZYK, Chaplain;**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a federal inmate, initiated this case pursuant to a civil rights complaint filed on September 2, 2005. In the complaint, plaintiff alleges that the defendants violated his civil rights by placing him in the Special Housing Unit (SHU) without justification, by failing to provide him with an appropriate religious diet, and by failing to provide him with the medications necessary to manage his acid reflux disease. Plaintiff is proceeding *pro se* and was granted permission to proceed as a pauper on September 26, 2005. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C.§ § 1915(e) and 1915A.

Also pending, is the plaintiff's Motion for Temporary Restraining Order filed on December 12, 2005. In that motion, plaintiff seeks an Order directing the staff at the Manchester Federal Correctional Institution to cease its retaliating and harassing conduct against plaintiff.

## I. STANDARD OF REVIEW

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints, which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke, 490 U.S. at 328. Section 1915(e) dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## II. ANALYSIS

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v.

---

[1] Id. at 327.

Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"[2] and is required even when the relief sought is not available. Booth, 532 U.S. at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

In addition, although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under to 28 U.S.C. § 1915 to dismiss the case *sua sponte*. Id. at 682.

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Gilmer, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

---

[2] Id.

Here, a review of the copies of plaintiff's administrative remedy forms and the responses thereto, show that plaintiff exhausted his administrative remedies with regard to his claims that he was illegally held in the SHU and that he was being denied a religious diet.[3] However, those claims were not fully exhausted until November 15, 2005, the date plaintiff's central office administrative remedies were denied. Id. Because that date is more than two months after the day on which this case was initiated, those claims were prematurely raised and are due to be dismissed.

As to plaintiff's claim that he was denied medication for his acid reflux disease, plaintiff admits that these issues were never raised within the Bureau's administrative remedy program. Complaint at 4.[4] Thus, these claims are clearly unexhausted and should also be dismissed.

### III. PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

---

[3] See Attachment A to the complaint (Doc. 1) and the attachments to plaintiff's Motion for Temporary Restraining Order (Doc. 7).

[4] Besides the specific claims alleged in the instant complaint, plaintiff also asserts that he attempted, but failed to exhaust, several other claims. Complaint at 4. Those additional claims pertain to "haircut and grooming, religious persecution and discrimination . . . the deprivation of use of the Law Library, type writers, and copy machines." Id. Therefore, to the extent that plaintiff wishes to raise these additional claims in this case, those claims are also unexhausted.

>    (3) the likelihood that the plaintiff will succeed on the merits, and
>
>    (4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In his case, plaintiff cannot make more than a speculative showing that he will be harmed if an injunction does not issue. Moreover, even assuming *arguendo*, that plaintiff could make such a showing, the Court notes that an injunction would still be improper as plaintiff cannot succeed on the merits of his claim.[5] Accordingly, the Motion for Temporary Restraining Order

---

[5] Plaintiff seeks an Order from this Court against persons employed at the Federal Correctional Institution in Manchester, Kentucky. However, pursuant to the West Virginia long-arm statute, W.Va. Code § 56-3-33(a), this Court would be unable to exercise personal jurisdiction over those defendants.

should be denied.

## IV. RECOMMENDATION

In consideration of the foregoing, it is recommended that the plaintiff's Motion for Temporary Restraining Order (Doc. 7) be DENIED. It is further recommended that the complaint be DISMISSED WITHOUT PREJUDICE for the failure to exhaust.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[6]

IT IS SO ORDERED.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and any counsel of record.

DATED: January 17, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[6] See 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).