IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

SALEM M. ABDEL-FARES,

   Plaintiff,

v.              Civil No. 1:05cv128
                (Chief Judge Keeley)

K.J. WENDT, Warden; J.D. HILL,
Associate Warden; R. MCLEOD,
Associate Warden; M. ARNOLD,
Captain; and R. KOWALEZYK, Chaplain;

   Defendants.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT

### I. INTRODUCTION

On September 2, 2005, pro se plaintiff, Salem M. Abdel-Fares ("Abdel-Fares"), a federal inmate, filed a civil rights complaint, alleging that the defendants had violated his civil rights by: (1) placing him in the Special Housing Unit (SHU) at Gilmer Federal Correctional Institution ("FCI-Gilmer") without justification, (2) failing to provide him with an appropriate religious diet, and (3) failing to provide him with the medications necessary to manage his acid reflux disease. After being transferred by the Bureau of Prisons ("BOP") from West Virginia to Kentucky, on December 12, 2005, Abdel-Fares also filed a motion for temporary restraining order in this case directing the staff at the Manchester Federal Correctional Institution located in Manchester, Kentucky, ("FCI-

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**

Manchester") to cease its retaliating and harassing conduct against him.

This civil action was referred to Magistrate Judge James E. Seibert for initial screening pursuant to Local Rule of Prisoner Litigation 83.02 and Local Standing Order No. 3. On January 18, 2006, the Magistrate Judge issued his Report and Recommendation, recommending that Abdel-Fares' complaint be dismissed without prejudice because he had failed to exhaust his administrative remedies prior to filing suit. He also recommended that Abdel-Fares' motion for temporary restraining order be denied because he cannot succeed on the merits of his claim. On January 30, 2006, Abdel-Fares filed timely objections to the magistrate judge's recommendations.

For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES WITHOUT PREJUDICE** Abdel-Fares' civil rights complaint and **DENIES** his motion for temporary restraining order.

**II. Magistrate Judge's Report and Recommendation**

In his Report and Recommendation, Magistrate Judge Seibert concluded that Abdel-Fares had not fully exhausted his administrative remedies concerning his segregation and religious

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT

diet claims until more than two months after filing this lawsuit. Accordingly, he found that those two claims were prematurely raised with the Court and recommended that they be dismissed.

He further stated that Abdel-Fares conceded that he had never raised his claim concerning the denial of medication for his acid reflux in the administrative remedy process. Accordingly, Magistrate Judge Seibert found that his denial of medication claim had not been exhausted and recommended that it also be dismissed. Therefore, he recommended that Abdel-Fares' civil rights complaint be dismissed without prejudice.

With respect to the motion for temporary restraining order, the Magistrate Judge stated that a court cannot grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Blackwelder Furniture Co. v. Seilig Mfg. Co., v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). He concluded that Abdel-Fares had not made more than a speculative showing that he would be harmed if an injunction did not issue. The magistrate judge further noted that, even if Abdel-Fares could make a clear showing of irreparable harm, he seeks injunctive relief from this Court against persons employed at the

ABDEL-FARES V. WENDT, ET AL.                                  1:05CV128

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING MOTION FOR TEMPORARY RESTRAINING
ORDER AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**

Federal Correctional Institution in Manchester, Kentucky.[1] Accordingly, Magistrate Judge Seibert concluded that, pursuant to the West Virginia long-arm statute, W.Va. Code §56-3-33(a), this Court is unable to exercise personal jurisdiction over those defendants. Accordingly, he recommended that the Court deny the motion for temporary restraining order.

### III. Summary of Abdel-Fares' Administrative Remedies

Abdel-Fares attached to his civil rights complaint filed in this matter his Request For Administrative Remedy dated April 18, 2005 for case number 373569-F1. In this request he stated that he had not been provided an appropriate religious diet while in the SHU. He also produced the April 22, 2005 response to his request as an exhibit to his complaint. In the response, K.J. Wendt ("Wendt"), the warden at FCI-Gilmer, concluded that Abdel-Fares' request was a personal preference issue, and, therefore, denied his request.

---

[1] Although the Magistrate Judge considered the substantive issue raised in Abdel-Fares' motion for temporary restraining order, the Court recognizes that jurisdictional issues must be resolved prior to considering the substance of any claim. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).

Based on the allegations in Abdel-Fares' motion, the Court cannot exercise personal jurisdiction over the staff at FCI-Manchester as any action they took appears to have occurred solely in Kentucky and not anywhere in West Virginia, and there is no indication that these defendants had any contact whatsoever with the State of West Virginia. Accordingly, the Court concludes that it does not have jurisdiction to consider the claims set forth in Abdel-Fares' motion for temporary restraining order.

**ABDEL-FARES V. WENDT, ET AL.**                                    **1:05CV128**

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT

With respect to his religious diet claim, Abdel-Fares further produced his April 25, 2005 Regional Administrative Remedy Appeal, stating that prison staff had not provided him with the same options as the general population received; thus, his request for an appropriate diet was not a personal preference issue. He also attached to his civil rights complaint the June 2, 2005 response to his regional appeal in which K. M. White ("White"), Regional Director Mid-Atlantic Regional Office, stated that he found no reason to depart from the decision made by the institution. Abdel-Fares further submitted a Central Office Administrative Appeal dated June 6, 2005, stating that he was not being provided a non-meat option while in the SHU. This appeal was not received by Administrative Remedy Branch until August 15, 2005.

With respect to his segregation claim, Abdel-Fares produced his April 8, 2005 request for informal resolution. In this request, he stated that he was placed in segregation solely because he is Muslim. He also produced the April 10, 2005 response in which W. Creasey, a counselor at FCI-Gilmer, stated that Abdel-Fares was then awaiting a transfer and would continue to stay in the SHU until he was transferred.

**ABDEL-FARES V. WENDT, ET AL.** 1:05CV128

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING MOTION FOR TEMPORARY RESTRAINING
ORDER AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT

In addition, Abdel-Fares attached to his civil rights complaint his Request For Administrative Remedy dated April 18, 2005 for case number 373572-FI. In this request, Abdel-Fares reasserted that he had been placed in the SHU solely because he was Muslim. He further produced the May 4, 2005 response in which Wendt stated that, on December 22, 2004, Abdel-Fares was placed in Administrative Detention pending an investigation of his involvement in an incident which took place on December 17, 2004 involving inmate "guards" being posted around him during Jumah prayer time. Based upon this information, Wendt concluded that staff had acted within the scope of appropriate policies and denied Abdel-Fares' request.

Abdel-Fares also attached to his complaint in this matter his May 5, 2005 Regional Administrative Remedy Appeal, stating that he was not involved in an incident on December 17, 2004 and that this false information was being used to justify his unlawful segregation. He also produced the June 2, 2005 response to his regional appeal in which White denied Abdel-Fares' appeal. Abdel-Fares then submitted a Central Office Administrative Remedy Appeal dated June 5, 2005, stating that he was being segregated only for

**ABDEL-FARES V. WENDT, ET AL.**                                    **1:05CV128**

### ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT

being Muslim. This appeal was also not received by the Administrative Remedy Branch until August 15, 2005.

With respect to both of Abdel-Fares' Central Office Administrative Appeals, the administrative branch provided Abdel-Fares with a August 16, 2005 Rejection Notice. The rejection notice states:

> **REJECT REASON 1**: YOUR APPEAL IS UNTIMELY. CENTRAL OFFICE APPEALS MUST BE RECEIVED WITHIN 30 DAYS OF THE REGIONAL DIRECTOR'S RESPONSE. THIS TIME LIMIT INCLUDES MAIL TIME.
>
> **REJECT REASON 2**: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE THAN ONE INCIDENT REPORT (INCIDENT NUMBER). YOU MUST FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE OR INCIDENT REPORT YOU WANT ADDRESSED.
>
> **REMARKS**: YOUR APPEAL WAS DUE ON 7-02-05, YOU WILL NEED STAFF VERIFICATION ON BOP LETTERHEAD TO DOCUMENT THAT YOUR UNTIMELINESS WAS NOT YOUR FAULT.

Abdel-Fares attached this rejection notice to his civil rights complaint and also attached an undated, unsigned letter addressed to "General Counsel," stating that his appeal was not received within 30 days because he was transferred to another institution and some of his paperwork was missing. In this letter, Abdel-Fares also stated that he did not have the money to send out his appeal when he was at FCI-Gilmer because they would only give him 10 stamps every three months and he had "an appeal in the court of

**ABDEL-FARES V. WENDT, ET AL.**                                  **1:05CV128**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING MOTION FOR TEMPORARY RESTRAINING
ORDER AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**

appeal" which also required stamps to mail his legal work. In his complaint, Abdel-Fares alleges that he sent this letter to the Administrative Remedy Branch to explain the untimeliness of his Central Office Administrative Appeal.

Despite the August 16, 2005 rejection notice, Abdel-Fares received a response to his Central Office Administrative Remedy Appeals for case numbers 373572-A2 and 373569-A2. Abdel-Fares attached the response notices to his motion for temporary restraining order filed in this case. With respect to his religious diet claim, Harrell Watts ("Watts"), Administrator at National Inmate Appeals, responded on November 15, 2005, stating that the warden and regional director had adequately responded to the issues raised in Abdel-Fares' appeal. Accordingly, Watts denied Abdel-Fares' appeal in case number 373569-A2.

With respect to his segregation claim, Watts responded on the same day, stating that the reasons for being Abdel-Fares' placed in in Administrative Detention to maintain a safe and orderly institution. He further stated that, because Abdel-Fares filed his appeal filed four days prior to being transferred to another facility, the issues were moot and his response was being made for informational purposes only. Accordingly, the Court concludes that

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING MOTION FOR TEMPORARY RESTRAINING
ORDER AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**

Abdel-Fares had fully exhausted his administrative remedies with respect to his segregation and religious diet claims on November 15, 2005.

### IV. ANALYSIS

#### A. Failure to Exhaust Administrative Remedies

Abdel-Fares objects to the Magistrate's findings and recommendations with respect to the dismissal of his civil rights complaint.[2] He argues that he attempted to exhaust his administrative remedies prior to the filing of his complaint, but that the staff at FCI-Gilmer did not respond to any of his requests for administrative remedies until after he had filed his complaint. In support of his objections, Abdel-Fares refers the Court to paragraph 2, subsection B of his complaint in which he states:

> Even though there is a grievance procedure at this institution and the petitioner attempted to exhaust the administrative remedies formally and informally the staff of Gilmer, F.C.I. did not respond to any of the administrative remedies that were filed and

---

[2] The court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added); Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); see also United States v. 2121 E.30th St., 73 F.3d 1057, 1060 (10th Cir. 1996) (noting that circuit courts have uniformly held that the failure to file specific objections waives appellate review of factual and legal questions).

**ABDEL-FARES V. WENDT, ET AL.**                      **1:05CV128**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING MOTION FOR TEMPORARY RESTRAINING
ORDER AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**

> responded on a few at a later period after a complaint was filed in court....

He also references paragraph four in his complaint in which he states that other Muslim inmates attempted to exhaust their administrative remedies, but never received a response to their requests.

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e(a), requires that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

If the record does not demonstrate on its face that the prisoner exhausted such remedies, the prisoner's complaint must be dismissed. Brown v. Toombs, 139 F.3d 1102 (6th Cir.), cert. denied, 525 U.S. 833 (1998). A district court must enforce this requirement sua sponte if it is not raised by the defendant. Id. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a

ABDEL-FARES V. WENDT, ET AL.                              1:05CV128

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING MOTION FOR TEMPORARY RESTRAINING
ORDER AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT

complaint in federal court.[3] Porter v. Nussle, 534 U.S. 516, 524 (2002)(citing Booth v. Churner, 532 U.S. 731, 741 (2001)).

The United States Supreme Court has determined that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. at 524. Accordingly, actions brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), like actions under 42 U.S.C. §1983, are subject to the exhaustion of administrative remedies prior to the filing of the suit. Id.

A review of the record demonstrates that Abdel-Fares failed to submit his denial of medication claim for administrative review. In support of his objection, Abdel-Fares offers only conclusory allegations that he attempted to exhaust his remedies with respect to his denial of medication claim, but that the staff at FCI-Gilmer never responded to his administrative requests. Abdel-Fares did not

---

[3] In Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943-44 (D.Md. 1997), the district court explained that 28 C.F.R. §542 et seq mandates a four-step administrative process beginning with an attempted informal resolution with prison staff. If the prisoner achieves no satisfaction informally, he must file a written complaint with the warden, followed by an appeal to the regional director of the Federal Bureau of Prisons. Finally, if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel. Id.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING MOTION FOR TEMPORARY RESTRAINING
ORDER AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**

provide any documentation to show that he submitted his denial of medication claim to the administrative remedy process. Furthermore, the record demonstrates that the staff at FCI-Gilmer timely responded to other requests actually submitted by Abdel-Fares concerning his segregation and religious diet claims. Therefore, there simply is no evidence before the Court to support Abdel-Fares' allegation that the staff at FCI-Gilmer prevented him from exhausting his administrative remedies. Accordingly, the Court concludes that his denial of medication claim has not been exhausted and should be dismissed for failure to exhaust administrative remedies.

The record also reflects that, prior to filing this action, Abdel-Fares did not fully exhaust his administrative remedies for his segregation and religious diet claims. In his objections, Abdel-Fares failed to offer an explanation as to why he had filed his civil rights complaint prior to completely exhausting his administrative remedies with respect to those specific claims. Rather, he argues only that he attempted to exhaust his administrative remedies, but the staff at FCI-Gilmer failed to respond to his requests.

ABDEL-FARES V. WENDT, ET AL.                                    1:05CV128

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT

Despite Abdel-Fares' arguments, the record is clear that the appropriate individuals responded to Abdel-Fares' segregation and religious diet claims in a timely manner. Moreover, it is also clear that the staff at FCI-Gilmer did not prevent Abdel-Fares from exhausting his administrative remedies with respect those specific claims because he ultimately did exhaust his administrative remedies on November 15, 2005. Nevertheless, he did not fully exhaust his administrative remedies until more than two months after he filed this civil rights complaint with the Court. Because the plain language of the PLRA makes exhaustion a prerequisite to filing suit, the Court must dismiss Abdel-Fares' segregation and diet claims without prejudice because they were prematurely filed. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Alexander v. Hawk, 159 F.3d 1321, 1323 (11th Cir. 1998). Therefore, the Court **ADOPTS** the Magistrate Judge's recommendation and **DISMISSES WITHOUT PREJUDICE** Adbel-Fares' civil rights complaint (dkt no. 1).

### B. Temporary Restraining Order

Abdel-Fares failed to specifically object to the Magistrate's findings and recommendations with respect to his motion for a temporary restraining order. The Magistrate Judge's Report and Recommendation informed Abdel-Fares that failure to object to the

13

**ABDEL-FARES V. WENDT, ET AL.**                                    **1:05CV128**

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT

recommendations would result in the waiver of his appellate rights on the uncontested issues. The district court "shall make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); e.g., Fluellen v. Epstein, 2003 U.S. Dist. LEXIS 23562 (D. S.C. 2003) aff'd 84 Fed. Appx. 299 (4th Cir. 2003). However, for ". . . those portions of the [Magistrate Judge's] Report to which plaintiff has not properly objected . . . " no review is required. Rouse v. Nielsen, 851 F. Supp. 717, 720 (D. S.C. 1994)(citing Fed. R. Civ. P. 72(b))(citation omitted). Accordingly, due to Abdel-Fares' failure to explicitly object to the Magistrate Judge's findings and recommendations with respect to his motion for temporary restraining order, the Court need not conduct a de novo review of the Magistrate Judge's recommendation. Therefore, because the Court lacks personal jurisdiction over the staff at FCI-Manchester, the Court **ADOPTS** the Magistrate's recommendation and **DENIES** Abdel-Fares' motion for temporary restraining order (dkt no. 7).

ABDEL-FARES V. WENDT, ET AL.                                    1:05CV128

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING MOTION FOR TEMPORARY RESTRAINING
ORDER AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT

## V. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety, **DISMISSES WITHOUT PREJUDICE** Abdel-Fares' civil rights complaint (dkt no. 1), and **DENIES** his motion for temporary restraining order (dkt no. 7).

It is so **ORDERED**.

DATED: July _____11_____, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE